13-3155-cr
*United States v. Torriero*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fourteen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
PIERRE N. LEVAL,
PETER W. HALL,
*Circuit Judge*s.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                No.13-3155-cr

DONALD TORRIERO, AKA SEALED DEFENDANT #2,

*Defendant-Appellant*,

JULIUS DESIMONE, AKA SEALED DEFENDANT #1, MAZZA & SONS, INC., AKA SEALED DEFENDANT #5, DOMINICK MAZZA, AKA SEALED DEFENDANT #4, CROSS NICASTRO, AKA SEALED DEFENDANT #3,

*Defendants*.

_____

For Defendant-Appellant:          BRUCE R. BRYAN, Syracuse, NY.

For Appellee:                     THEKLA HANSEN-YOUNG (Allen M. Brabender and Todd W. Gleason, *on the brief*), *for* Sam Hirsch, Acting Assistant Attorney General, Washington, DC.


Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Donald Torriero appeals from an August 7, 2013 judgment of conviction and sentence entered by the United States District Court for the Northern District of New York (Hurd, *J.*). The district court sentenced Torriero principally to a term of imprisonment of thirty-six months after Torriero pleaded guilty to one count of conspiracy in violation of 18 U.S.C. § 371 and two counts of wire fraud in violation of 18 U.S.C. § 1343. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Torriero contends that his sentence was substantively unreasonable. We disagree. This sentence is not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). The advisory range recommended by the United States Sentencing Guidelines for his crime was sixty-three to seventy-eight months' imprisonment, but the district court sentenced him to just thirty-six months' imprisonment after considering the same factors that Torriero raises in his appeal.

Torriero further argues that the district court's sentence was procedurally unreasonable because it applied section 2B1.1 of the Guidelines rather than section 2Q1.2 in calculating his offense level. We disagree. The district court was required by Part D of Chapter 3 of the

Guidelines to group Torriero's three counts and then apply the guideline that resulted in the highest offense level. *See* U.S. Sentencing Guidelines Manual § 3D1.3. In this case, the fraud-related guideline of section 2B1.1 resulted in a higher offense level than the environmental crimes-related guideline of section 2Q1.2. The cross-reference of section 2B1.1(c)(3) on which Torriero relies applies "only if the conduct alleged in the count of the indictment of which the defendant is convicted establishes the elements of another offense." *United States v. Genao*, 343 F.3d 578, 583 (2d Cir. 2003). Because Torriero's offense conduct in the wire-fraud counts of the indictment did not establish an environmental crime, the district court did not err in applying section 2B1.1.

We have considered Torriero's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK